UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from Euroclear Bank Pursuant to 28 U.S.C. § 1782 | Case No.  1:18-mc-79<br><br>*Ex Parte* **Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782** |

Petitioners Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Traiding Ltd. (collectively, "Petitioners") hereby petition this Court pursuant to 28 U.S.C. § 1782 for assistance in connection with foreign legal proceedings.

1.      Petitioners seek an order authorizing the issuance of subpoenas to Euroclear Bank ("Euroclear"), a business corporation maintaining its headquarters and principal place of business in this district and that serves as the external manager for certain assets of the Republic of Kazakhstan ("ROK"), requesting documents and a deposition witness concerning the custody and management of the ROK's offshore assets, as well as the manner in which the entities responsible for managing the ROK's assets interact with the ROK, its instrumentalities, and other financial institutions.  Such discovery is sought in aid of proceedings that Petitioners have commenced against the ROK in Belgium, Luxembourg, Sweden, and the Netherlands (the "Foreign Proceedings"), in which questions concerning the ownership, custody, and management of the ROK's assets and the juridical independence of certain of the ROK's instrumentalities has been placed in question.

## FACTUAL BACKGROUND

### A. The Award and Foreign Proceedings

2.　　　　On December 19, 2013, an arbitral tribunal seated in Stockholm, Sweden and convened under the Rules of the Stockholm Chamber of Commerce issued an award (the "Award") in Petitioners' favor and against the ROK in the amount of $497,685,101.00, plus interest. The Award was issued following an arbitration convened and conducted in accordance with the arbitration provisions of the Energy Charter Treaty ("ECT"). *See* Declaration of Jessica A. Beess und Chrostin, dated February 28, 2018 ("Beess und Chrostin Decl."), ¶ 2, Ex. A.

3.　　　　The ROK has not paid any part of the Award. Beess und Chrostin Decl., ¶ 4.

4.　　　　As a result of the ROK's refusal to perform its treaty obligation to satisfy the Award voluntarily, Petitioners have sought and obtained recognition of the Award in Belgium, France, Luxembourg and the Netherlands, and the Award is directly enforceable in Sweden because it was rendered in Stockholm and the Swedish courts have upheld the validity of the Award over the ROK's objections (the 'Swedish Judgment"). Beess und Chrostin Decl., ¶¶ 3-4, Ex. B. Petitioners are now proceeding to enforce the resulting judgments under local law in the Foreign Proceedings. Beess und Chrostin Decl., ¶ 5.

5.　　　　This petition seeks discovery concerning the ownership, management, and custody of the ROK's assets, as such information will assist Petitioners in enforcing the Award, including adjudicating whether certain ROK assets are entitled to sovereign immunity and whether the ROK is the beneficial owner of the attached assets and/or has legal or actual authority to transfer or otherwise dispose of them. Specifically, Petitioners seek information held at Euroclear about assets held by the ROK.

2

**B. Euroclear as the ROK's Asset Manager**

6.      The ROK has formed and maintains several sovereign wealth funds.  One of these funds is known as the National Fund.  The National Fund was established pursuant to a decree of the president of the ROK dated August 23, 2000.  *See* Beess und Chrostin Decl., ¶ 6; Ex. C.  It is not a separate juridical or legal entity, but rather is defined by the decree as "an aggregate of financial assets, concentrated in the account of the Government of the [ROK] at the National Bank."  *Id.*  Publicly available information, together with certain filings made in the Foreign Proceedings, suggest that the National Bank of the Republic of Kazakhstan (the "National Bank"), the ROK's central bank, is entrusted with the possession and management of these assets.  *See* Beess und Chrostin Decl., ¶ 7, Ex. D.  Upon information and belief, the National Bank appointed The Bank of New York Mellon SA/NV ("BNYM SA/NV") as the global custodian for the National Fund's assets.  *See* Beess und Chrostin Decl., ¶ 9, Ex. G.  BNYM SA/NV holds 14 portfolios of securities and fixed income assets for the National Bank (and ultimately for the ROK, which owns the National Fund's assets), with each portfolio being managed by a separate external manager.  *Id.*  Upon information and belief, Euroclear is one of the external managers and, as such, manages at least one portfolio for the National Bank.  *Id.*

### Petitioners are Entitled to the Discovery Sought Hereby

7.      28 U.S.C. § 1782 provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal….The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

3

8.      Each of the statutory prerequisites for this Court to order discovery in aid of the

Foreign Proceedings is satisfied.

     a.   Petitioners are "interested persons" within the meaning of 28 U.S.C. §

          1782 and are entitled to seek assistance thereunder.

     b.   The discovery sought is for use in Swedish proceedings, which were duly

          commenced and constitute a "proceeding before a foreign or international

          tribunal."  The Swedish proceedings will make complex factual and legal

          determinations as to whether certain assets belonging to the ROK are

          entitled to sovereign immunity.  Furthermore, additional proceedings in

          Belgium, the Netherlands, and Luxembourg will determine the existence,

          custody, ownership, and character of ROK assets in those jurisdictions,

          and ultimately adjudicate whether to execute upon such assets, and thus

          any assistance given by this Court would be in aid of proceedings before a

          foreign or international tribunal.

     c.   Euroclear resides and is found in this district.[1]

9.      This Court should exercise its authority to grant the requested assistance because

Euroclear is not a participant in the Foreign Proceedings.  *See Intel Corp. v. Advanced Micro

Devices, Inc.*, 542 U.S. 241, 264 (2004) (court may consider whether "the person from whom

discovery is sought is a participant in the foreign proceeding" such that the foreign court could

order disclosure when considering whether to grant assistance under Section 1782).

Furthermore, Petitioners have no reason to believe that the courts in each of the Foreign

Proceedings would not be receptive to the judicial assistance requested, and the request does not

---

[1]     *See* Beess und Chrostin Decl. ¶ 10; Ex. H.

4

seek to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id*. at 264-65.

10.     Indeed, the United States District Court District of Massachusetts recently issued an order compelling State Street Corporation, another of the external managers of the National Fund's assets, to produce a witness for deposition on fourteen topics concerning the custody and management of National Fund assets.  The Massachusetts court denied Petitioners' motion to compel production of documents relating to the same subjects pending a demonstration that State Street Corporation personnel based in the United States have possession, custody, and control of responsive documents.  The deposition compelled by the Massachusetts court will focus on this issue as well.  *See In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from State Street Corporation Pursuant to 28 U.S.C. § 1782*, 15-MC-91059-LTS, Dkt. No. 55.

11.     Granting the discovery sought hereby would promote the strong public policy favoring the enforcement of international arbitration awards and the expeditious resolution of international disputes.  *See, e.g., Scherk v. Alberto-Culver Co*., 417 U.S. 506, 520 n.15 (1974).

12.     Petitioners thus request that the Court grant the Petition and authorize Petitioners to issue subpoenas to Euroclear in the form attached hereto as Appendix A.


Dated: New York, New York
           March 1, 2018

                                        Respectfully submitted,

                                         /s/ James E. Berger
                                        _____

                                        James E. Berger (JB 6605)
                                        Charlene C. Sun (CS 1281)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2202
jberger@kslaw.com
csun@kslaw.com


*Attorneys for Petitioners Anatoli Stati, Gabriel
Stati, Ascom Group, S.A., and Terra Raf Traiding
Ltd.*

6